```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
UNITED STATES OF AMERICA,                 :
                                          :
                                          :
                                          :   97 Cr. 1162(JFK)
            -v-                           :   **MEMORANDUM**
                                          :   **OPINION AND ORDER**
                                          :
                                          :
DANNY KEMP,                               :
                                          :
                      Defendant.          :
------------------------------------------X
```

**JOHN F. KEENAN**, United States District Judge:

      Petitioner Danny Kemp ("Kemp" or "Petitioner") seeks an order vacating and expunging the record of his felony conviction in this case.  For the following reasons, the application is denied.

      On November 7, 1997, Kemp was charged by Indictment No. 97 Cr. 1162 (JFK) (the "Indictment") with wire fraud and conspiracy to commit wire fraud.  On January 6, 1999, Kemp pled guilty to Counts 1, 2, 3, and 4 of the Indictment and in so doing admitted that he had knowingly and willingly participated in a scheme to obtain loan funds through the negotiation of fraudulent U.S. Treasury bonds.  On December 7, 1999, Kemp was sentenced to a two-year term of probation, with the special condition that he serve six months of home confinement.  In addition, Kemp was ordered to pay a special assessment of $400.00.

Kemp now moves to vacate and expunge the record of his felony conviction on the ground that his criminal record is impeding the profitability of his real estate development business. Specifically, the defense claims that, as a result of his felony record, Kemp is unable to procure a real estate license in Florida, where he currently resides. Without a real estate license, the defense contends, Kemp "cannot get the 5-7% commission on residential real estate sales, or the 10% commission on commercial real estate sales." (Def. Letter, Oct. 12, 2007, at 4.) Rather, the best Kemp can do is obtain a one percent commission as a consultant. The defense further argues that, because Kemp, as a convicted felon, is prohibited by the provisions of the Patriot Act from obtaining a bank loan, he is forced to borrow money from private investors at substantially higher interest rates. Kemp maintains that vacatur and expungement will not only benefit him financially, but that such action will serve the government's interests, first by "encourag[ing] the use of banks for real estate loans, rather than the use of investors who are not only more expensive but who are not regulated" and, second, by "licens[ing] individuals who practice real estate, in order to promote conformance to the code of ethics adhered to by real estate agents." (Id.)

Although district courts possess the inherent equitable discretion to order expungement of criminal records, the Second

Circuit has cautioned that this power should be exercised with great caution and only in "extreme circumstances." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977) (quoting United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y. 1972)). Expungement is disfavored because the maintenance of criminal records promotes effective law enforcement by helping to "meet the compelling public need for an effective and workable criminal identification procedure." Schnitzer, 567 F.2d at 539 (internal quotations omitted). "In the face of the public's compelling need to have an accurate criminal identification system, courts have rarely granted motions to expunge arrest records, let alone conviction records. This is true even where the arrests at issue resulted in acquittals or even dismissal of the charges." United States v. Sherman, 782 F. Supp. 866, 868 (S.D.N.Y. 1991). "The determination of whether expungement is appropriate requires a case-by-case balancing of the defendant's interest in avoiding the harm the record causes against the government's interest in effective law enforcement which the preservation of criminal records furthers." United States v. McFadzean, No. 93 Cr. 25 (CSH), 1999 WL 993641, at *2 (S.D.N.Y. Nov. 2, 1999) (citing Schnitzer, 567 F.2d at 539). Courts have found extreme circumstances warranting expungement only in the rare case "where some impropriety attends the government's actions." In re Farkas, 783 F. Supp. 102, 103 (E.D.N.Y. 1992). Thus, "[e]xpungement has

3

generally been reserved for cases in which an arrest was unconstitutional, an arrest was made for the purpose of harassment (such as in the case of civil rights workers), a determination of probable cause is impossible because arrests were made en masse, or the records have been misused by the government." <u>McFadzean</u>, 1999 WL 993641, at *2 (citing <u>Schnitzer</u>, 567 F.2d at 540); see also <u>United States v. Doe</u>, 36 F. Supp. 2d 143, 143 (S.D.N.Y. 1999) (rejecting request by defendant convicted 20 years earlier under Youth Corrections Act to expunge record of conviction that "was valid when entered") (citation omitted). "Courts have particularly frowned upon motions to expunge where the movant does not even challenge the legality or validity of the conviction for which expunction of records is sought." <u>Holmes v. United States</u>, No. MC 1999-0106 (MDG), 2005 U.S. Dist. LEXIS 42234, at *6 (E.D.N.Y. June 2, 2005) (citing cases). "Likewise, a meritless challenge will not suffice to justify expungement." <u>Id.</u> (citation omitted).

Here, the defendant has not demonstrated sufficiently extraordinary circumstances to warrant expungement. Kemp does not challenge the legality or validity of his conviction and does not claim that the record of his felony conviction has been misused. In addition, Kemp has not shown a compelling interest in expungement that outweighs the government's need to preserve the record of his conviction. Kemp claims simply that his

criminal history has prevented his real estate business from becoming as profitable as it might otherwise be. Kemp does not, and cannot, claim that this circumstance constitutes a hardship that warrants expungement. It is worth noting that Petitioner's United States Income Tax Return for 2005, submitted in connection with the instant application, lists Kemp's 2005 business income as $204,218. (Def. Letter, Oct. 12, 2007, Ex.) That Petitioner's felony record may stand in the way of enlarging his six-figure income does not cry out for equitable relief. See United States v. James, 2003 U.S. Dist. LEXIS 6494, No. 97 CR 715 (ILG), 2003 WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003) ("Where the only harm alleged is to [petitioners'] professional reputation, the expungement motion must be denied, as that harm does not provide a ground upon which this Court can rely in granting a motion to expunge."); see also In re Farkas, 783 F. Supp. at 104 (stating that adverse effect on employment does not supply adequate ground fro expungement). Moreover, Kemp's claim that he has been a productive and law-abiding citizen since the expiration of his probationary sentence does not weigh in favor of expungement. See Holmes v. United States, 2005 U.S. Dist. LEXIS 42234, at *6 ("[H]aving had an 'exemplary life' since conviction is not a sufficient reason for expungement.") (citation omitted). Finally, to the extent Petitioner points to "his minimal participation in the scheme covered by the

5

[I]ndictment," (Def. Letter, Oct. 12, 2007, at 5), Kemp's relatively minor role in the criminal conspiracy was accounted for by the lenient sentence he received and does not merit consideration.

Accordingly, the application for an order vacating and expunging the record of conviction in this case is DENIED.

**SO ORDERED.**

Dated: New York, New York
January 10, 2008

JOHN F. KEENAN
**United States District Judge**

6